11-869-ag
Lin v. Holder

BIA
Sichel, IJ
A098 418 781

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of April, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        JOSEPH M. McLAUGHLIN,
        REENA RAGGI,
            *Circuit Judges.*

_____

HUI RONG LIN,
        *Petitioner,*

        v.                       11-869-ag
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Cora Chang, New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Kelly J. Walls, Trial Attorney; Stefanie Notarino Hennes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Hui Rong Lin, a native and citizen of the People's Republic of China, seeks review of a February 11, 2011, decision of the BIA affirming the August 25, 2009, decision of Immigration Judge ("IJ") Helen Sichel denying her application for withholding of removal. *In re Hui Rong Lin*, No. A098 419 781 (B.I.A. Feb. 11, 2011), *aff'g* No. A098 419 781 (Immig. Ct. N.Y. City Aug. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's conclusion that Lin did not testify credibly regarding her forced abortion. Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales*, 430

2

F.3d 77, 81 n.1 (2d Cir. 2005).  In finding Lin not credible, the IJ reasonably relied in part on her demeanor, noting that, while Lin started crying during her testimony that she was dragged to the hospital by the village cadres, "in the midst of this apparent display of emotion, she looked toward the bench twice and smiled slightly."  The IJ characterized Lin as "wish[ing] the [IJ] to observe this display of emotion," and "question[ed] whether it was genuine emotion or an attempt to influence the" IJ.  Because the IJ was in the best position to observe Lin's manner while testifying, we afford her partial demeanor finding particular deference.  *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

The IJ's demeanor finding was further supported by specific examples of inconsistencies in the record.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").  As the IJ reasonably noted, in her written statement, Lin claimed that she had undergone an abortion in December 1997, whereas at her hearing, Lin testified that she

3

underwent a forced abortion in December 1998.  Lin argues that, during her testimony, she corrected herself and testified that the abortion had taken place in 1997.  Although Lin did correct her testimony regarding the date, the fact that the IJ failed directly to consider the explanation does not present a basis for granting the petition for review.  Lin did not, and does not now, explain the reason she testified inconsistently regarding the date.  Because this inconsistency was apparent, the IJ was not required to actively solicit an explanation before relying on the inconsistency to support an adverse credibility finding.  *See Majidi*, 430 F.3d at 81.

Further, as the IJ noted, Lin testified that she first discovered her pregnancy in China when she went to a physician after she began feeling nauseous, and that the physician told her that she was "probably" pregnant.  Later, after Lin testified that the physician had performed a urine test to determine whether she was pregnant, the IJ asked her why the physician would have said that Lin was "probably" pregnant if she had confirmed it with a test.  Lin responded, "What I meant was I did not feel that way.  She told me I am pregnant."  The IJ reasonably declined to credit this explanation, as it did not actually explain the inconsistency, particularly in light of Lin's testimony that she visited the

4

physician because she was nauseous.  Further, Lin does not challenge the BIA's finding that her hearing testimony was inconsistent with her written statement, which reflected that, by the time she visited the doctor, she had already taken a pregnancy test and received a positive result.

The IJ also reasonably relied on Lin's inconsistent testimony regarding whether, with either of her pregnancies in the United States, she had told her treating physicians about the abortion.  In addition to noting the inconsistencies in this testimony, the IJ characterized Lin as amending her testimony after she "sensed the skepticism" that her answers engendered, and this assessment of Lin's demeanor is entitled to deference.  *See id.* at 81 n.1.  Further, the IJ reasonably declined to credit Lin's explanation that she chose not to tell her physicians about the abortion because they were Chinese, noting that she claimed "unconvincingly that she would rather risk her pregnancies than disclose the claimed abortion to her physicians."

Lin also argues that the IJ erred in failing to consider either that Lin's memory was faulty because the events about which she was testifying had occurred 12 years in the past, or that she came from a "persecuting environment" and was embarrassed and ashamed by the abortion.  Although each of

5

these explanations may plausibly account for the inconsistencies in Lin's testimony, neither is sufficient to *compel* the conclusion that Lin's testimony was otherwise credible. *See id.* at 80 ("A petitioner must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Accordingly, the agency did not err in denying Lin's application for withholding of removal.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk